UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SEGUNDO CARLOS DUTAN,

                    Plaintiff,

     -against-

VESTEA FOOD CORP. d/b/a AMORE PIZZA, SALVATORE LAURITA, and SALVATORE VIOLA,

                    Defendants.

**COMPLAINT**

------------------------------------------------------------------X

      Plaintiff Segundo Carlos Dutan ("Plaintiff" or "Dutan"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Vestea Food Corp. d/b/a Amore Pizza, Salvatore Laurita, and Salvatore Viola (collectively, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

      1.    Segundo Carlos Dutan worked as a kitchen worker and cook at Amore Pizza for nearly twenty years. During his employment, Dutan regularly worked up to fifty-two hours per week but did not receive overtime compensation for the hours he worked in excess of forty per workweek, did not receive spread-of-hours pay, and was not given wage statements at the end of each pay period.

      2.    This action is brought to recover unpaid overtime wages, spread-of-hours pay, statutory damages, pre- and post-judgement interest, attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as Amore Pizza is located and operated by Defendants in the Eastern District of New York.

## THE PARTIES

**Plaintiff Segundo Carlos Dutan**

5. Dutan resides in Queens County, New York.

6. Defendants employed Dutan from approximately 2001 through March 14, 2020.

**Defendant Vestea Food Corp. d/b/a Amore Pizza**

7. Defendant Vestea Food Corp. is a New York corporation that owns, operates, and does business as Amore Pizza.

8. Amore Pizza is located at 30-27 Stratton Street, Flushing, New York 11354.

9. Amore Pizza is a counter-service eatery that serves Italian cuisine and pizza.

10. Amore Pizza is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Amore Pizza has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. In the three years preceding the filing of this Complaint, Amore Pizza has had an annual gross volume of sales in excess of $500,000.

**Defendant Salvatore Laurita**

13. Defendant Salvatore Laurita ("Laurita") is an owner of Amore Pizza.

14. Laurita is identified as Chief Executive Officer of Vestea Food Corp. on the New York State Department of Corporations Entity Information webpage.

15. Throughout Plaintiff's employment, Laurita supervised the work performed by Plaintiff and all other employees.

16. Laurita hired Plaintiff and determined his rate of pay and work schedule.

17. Laurita exercised sufficient control over Amore Pizza's operations to be considered Plaintiff's employer under the FLSA and the NYLL.

**Defendant Salvatore Viola**

18. Defendant Salvatore Viola ("Viola") is an owner of Amore Pizza.

19. Throughout Plaintiff's employment, Viola supervised the work performed by Plaintiff and all other employees.

20. Throughout Plaintiff's employment, Viola was responsible for managing food vendors and inventory, and distributed weekly pay to Plaintiff and other employees.

21. Viola exercised sufficient control over Amore Pizza's operations to be considered Plaintiff's employer under the FLSA and the NYLL.

## STATEMENT OF FACTS

22. Throughout his employment, Plaintiff worked as a kitchen worker for Defendants. His duties consisted of prepping dough, preparing sauces, cooking, making pizzas, and washing dishes.

23. Plaintiff is a non-exempt employee under the FLSA and NYLL.

**Segundo Carlos Dutan's Work Hours and Pay**

24. Throughout his employment at Amore Pizza, Plaintiff regularly worked between one and five days per week.

25. Throughout the applicable statutory period, from in or about 2014 through approximately May 2018, Plaintiff worked a regular schedule of 5 days per workweek. He regularly worked Thursday from approximately 2:00 p.m. to 11:00 p.m., Friday from approximately 12:00 p.m. to 12:00 a.m., Saturday from approximately 11:00 a.m. to 12:00 a.m., Sunday from approximately 12:00 p.m. to 10:00 p.m. and Monday from 11:00 a.m. to 11:00 p.m., for a total of approximately fifty-two (52) hours per week.

26. From May 2018 through March 14, 2020, Plaintiff worked between one to three days per week, for a total of approximately ten (10) through thirty-five (35) hours per week.

27. From in or about 2014 through May 2018, Plaintiff was paid $12.50 per hour for all the hours he worked, including hours over 40.

28. From May 2018 through March 14, 2020, Defendants pay Plaintiff $15.00 per hour for all hours we worked.

29. Defendants did not pay Plaintiff at the rate of one and one-half (1 ½) times his regular rate of pay for hours he worked in excess of forty per workweek.

30. Defendants did not compensate Plaintiff with one hour of pay at the statutory minimum hourly wage rate for each day his shift exceeded ten hours.

31. Throughout his employment, Defendants paid Plaintiff his weekly wages in cash, without a corresponding wage statement that, *inter alia*, reflected his rate of pay and number of hours worked.

## FIRST CLAIM
### Fair Labor Standards Act – Unpaid Overtime

32. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

33. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

34. Defendants were required to pay Plaintiff one and one-half (1½) times the greater of his regular rate or the full federal minimum wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

35. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

36. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rate.

37. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### New York Labor Law – Unpaid Overtime Wages

38. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

39. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiff.

40. Under New York State Department of Labor ("NYDOL") regulations, including 12 N.Y.C.R.R. §§ 137-1.3, 146-1.4, Defendants were required to pay Plaintiff

one and one-half (1 ½) times his regular rate of pay for all hours worked in excess of forty per workweek.

41. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

42. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

43. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

### THIRD CLAIM
**New York Labor Law – Spread of Hours Pay**

44. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

45. Defendants willfully failed to pay Plaintiff additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spread over more than ten hours.

46. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated Section 650 *et seq.*, of the NYLL and the supporting NYDOL regulations, including, but not limited to, 12 N.Y.C.R.R § 146-1.6.

47. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statue, reasonable attorneys' fees and costs of the action, pre- and post-judgement interest, and liquidated damages.

### FOURTH CLAIM
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements**

48. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

49. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

50. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff without providing him a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

51. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover, from Defendants, liquidated damages, reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198(1-d).

## FIFTH CLAIM
## NYLL Wage Theft Prevention Act – Failure to Provide Wage Noties

52. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

53. The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

54. Defendants failed to furnish Plaintiff at his time of hiring, or whenever his rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with

NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

55.     Due to Defendants' violation of NYLL § 195(1), Dutan is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a.     declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

b.     declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

c.     declaring that Defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

d.     declaring that Defendants' violations of the FLSA and the NYLL were willful;

e.     awarding Plaintiff damages for unpaid overtime wages;

f.     awarding Plaintiff unpaid spread-of-hours pay;

g.     awarding Plaintiff statutory damage as a result of Defendants' failure to furnish Plaintiffs with accurate wage statements pursuant to the NYLL and WTPA;

h.     awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA;

      i.      awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

      j.      awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

      k.      awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
      April 20, 2020

                              PECHMAN LAW GROUP PLLC

                 By:     *s/ Louis Pechman*
                              Louis Pechman
                              Laura Rodriguez
                              Pechman Law Group PLLC
                              488 Madison Avenue - 17th Floor
                              New York, New York 10022
                              (212) 583-9500
                              pechman@pechmanlaw.com
                              rodriguez@pechmanlaw.com
                              *Attorneys for Plaintiff*