```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
SEGUNDO CARLOS DUTAN,                                              :
                                                                   :
                             Plaintiff,                            :
                                                                   :
              -against-                                            :   20-CV-1855 (BMC)
                                                                   :
VESTEA FOOD CORP. d/b/a AMORE PIZZA,                               :
SALVATORE LAURITA, and SALVATORE                                   :
VIOLA,                                                             :
                                                                   :
                             Defendants.                           :
------------------------------------------------------------------ X
```

## SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release (hereinafter, the "Agreement") is entered into by and between Plaintiff Segundo Carlos Dutan ("Plaintiff") and Defendants Vestea Food Corp. d/b/a Amore Pizza, Salvatore Laurita, and Salvatore Viola (collectively, "Defendants"). Plaintiffs and Defendants shall hereinafter be referred to collectively as the "Parties."

## RECITALS

**WHEREAS**, Plaintiff filed a civil action styled *Segundo Carlos Dutan v. Vestea Food Corp. et al.* in the United States District Court for the Eastern District of New York, Case No. 20-cv-1855 (BMC) (hereinafter, the "Action");

**WHEREAS,** Plaintiff claimed violations of the Fair Labor Standards, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the Wage Theft Prevention Act ("WTPA") (the "Claims");

**WHEREAS,** the Parties participated in a mediation with mediator Patrick McKenna, Esq. on November 11, 2020, and reached a settlement in order to fully resolve the Action;

**WHEREAS**, the Parties now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Action as to themselves;

**WHEREAS**, nothing contained herein shall be construed as an admission by the Defendants (or any person or entity acting on their behalf) of any liability or any act of wrongdoing whatsoever, including without limitation, any violation of (1) any federal, state or local law, statute, regulation, code or ordinance; or (2) of any legal, common law or equitable duty owed by the Defendants to anyone.

**NOW THEREFORE**, in consideration of the mutual covenants and promises

contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of this Action:

**Recitals**: The Parties acknowledge that all of the "WHEREAS" clauses preceding paragraphs are incorporated as material parts of this Agreement.

**1. Consideration.**

In consideration for the promises that the Plaintiff has made in this Agreement, Defendants agree to pay the total sum of Thirty-Three Thousand Dollars and Zero Cents ($33,000.00) (the "Settlement Payment") by delivering to Plaintiff's counsel by February 1, 2021, or upon approval of the Agreement by the Court, whichever comes later:

(a) One check made payable to "Segundo Carlos Dutan" in the amount of Twenty-One Thousand Three Hundred Twenty-Seven Dollars and Thirty-Three Cents ($21,327.33), not subject to withholdings. Defendants shall issue an IRS Form 1099 to Segundo Carlos Dutan in connection with this amount; and

(b) One check made payable to "Pechman Law Group PLLC" in the amount of Eleven Thousand Six Hundred Seventy-Two Dollars and Sixty-Seven Cents ($11,672.67) representing attorneys' fees and costs, not subject to withholdings. Defendants shall issue an IRS form 1099 to Pechman Law Group PLLC in connection with this amount.

**2. Dismissal of Claims.**

Following the execution of this Agreement by each of the Parties, the Parties' attorneys shall present this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), annexed hereto as Exhibit A, to the Court for review and approval. Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

**3. Plaintiff's Release of Wage and Hour Claims.**

In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for Defendants' obligations under this Agreement, Plaintiff hereby waives, releases, satisfies, and discharges, on his own behalf and on behalf of anyone who could claim by and through him, Defendants, including their officers, directors, shareholders, members, agents, attorneys, insurers, representatives, successors, and assigns, of and from any and all claims for damages, salaries, wages, compensation, statutory damages, unlawful deductions, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, statutory, and other damages, interest, attorneys' fees, and costs, for the Claims and any other claim brought, or that could have been brought, relating to or arising from his work performed for Defendants at Amore Pizza or the facts that gave rise to the Action, under the FLSA, the NYLL, the WTPA, and/or any local, state, or federal wage statute, code, or ordinance

including, but not limited to, the New York State Hospitality Wage Order, 12 N.Y.C.R.R. Part 146. Nothing contained in this release shall operate to prevent Plaintiff from providing truthful information to a governmental agency. However, Plaintiff shall neither seek nor be entitled to recovery of any additional damages, monetary or otherwise, as a result of any charges or proceedings against any of the Defendants for any claims that are the subject matter of the wage-and-hour waiver and release set forth in this Agreement. Furthermore, this Agreement shall be deemed a full accord, satisfaction, and settlement of the claims settled, released, and waived herein, and shall constitute a sufficient basis for immediate dismissal of such claims by Plaintiff against Defendants except to the extent that Plaintiff seeks enforcement of the terms of this Agreement.

4. **Governing Law and Jurisdiction.**

This Agreement shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that the United States District Court for the Eastern District of New York shall retain jurisdiction over the enforcement of the terms of this Agreement. The Parties agree that any litigation to enforce this Agreement shall be brought in the United States District Court for the Eastern District of New York.

5. **Prevailing Party.**

The Parties agree that in any action resulting from a breach of this Agreement, the prevailing party in such an action will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s), in addition to any determined award.

6. **Modification of Agreement.**

This Agreement may be amended only upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

7. **Entire Agreement.**

This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.

8. **Signatures in Counterparts.**

This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as the original signatures. Electronic signatures, including sigantures using a program such a DocuSign, are acceptable as physical signatures.

9. **Attorneys' Fees and Costs.**

Except as otherwise specifically set forth in this Agreement, each Party shall bear

its own costs and attorneys' fees incurred in negotiating and preparing this Agreement. Plaintiff acknowledges that the attorneys' fees and costs allocated in this Agreement are fair and reasonable and in accordance with the Retainer Agreements executed by Plaintiff in this case.

10. **Representation.**

The undersigned Parties hereby expressly state that they have fully consulted with their respective legal counsel prior to executing this Agreement, and are executing this Agreement, of their own free will, after full consultation with their respective legal counsel.

11. **Confession of Judgment**

Concurrently with the execution of this Agreement, Salvatore Laurita and Salvatore Viola shall each execute an Affidavit of Confession of Judgment in the forms attached hereto as Exhibit B and provide an original copy to Plaintiff's counsel. In the event Defendants fail to timely pay the Settlement Payment as set forth in Section 1 of this Agreement, Plaintiff shall be entitled to file the Affidavits of Confession of Judgment in New York State Supreme Court, or at his option, seek a Judgment and attorneys' fees from the District Court.

12. **Mutual Non-Disparagement**

The Parties agree that they each shall not, directly or indirectly, at any time, make any false or defamatory statements (whether written, oral, electronic, or otherwise) or otherwise take any action disparaging any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean any false or defamatory statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Company in the eyes of an ordinary and reasonable person in the community, but will not preclude the Parties from making good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding. Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning their experiences litigating this Action and this Settlement.

13. **Tax Documents & Withholding:**

An IRS form 1099 shall be issued to Plaintiff for the amounts payable in 1(a) above. Plaintiff shall execute and deliver to attorney for Defendants all documents necessary to effect this settlement, including two IRS form W-9s, one executed by Plaintiff and the second by Pechman Law Group PLLC. Said documents shall be forwarded to Defendants' counsel within one week of the approval of the settlement by the Court. Plaintiff and Pechman Law Group PLLC shall be responsible for the payment of all federal, state, or local taxes which may be owed by them as a result of payments made to them under this Agreement.

**14.     Cure Period:**

In the event Defendants fail to pay the Settlement Payment when due as set forth in paragraph (1) above, Plaintiff's counsel shall send a notice of default to Defendants' attorney, Rex Whitehorn, via overnight traceable mail, either FedEx or UPS, at 11 Grace Avenue, Suite 411, Great Neck, New York 11021 and fax at (516) 829-5190. Defendants shall have ten (10) business days from the date of said notice to cure any such default (the "Cure Period"). In the event that payment is not made within the Cure Period, Plaintiff shall be entitled to file the Confession of Judgment as provided in paragraph (11) above in the form attached hereto as Exhibit A.

[PURPOSELY BLANK, SIGNATURES FOLLOW ON NEXT PAGE]

DocuSign Envelope ID: 39F8D92F-2A61-4434-840D-DE0E454FEC4D
Case 1:20-cv-01855-BMC   Document 23-1   Filed 11/25/20   Page 5 of 16 PageID #: 85

**15.    Reconocimiento en Español (Spanish Acknowledgment).**

El demandante Segundo Carlos Dutan representa que su idioma materno es el español y que sus abogados de Pechman Law Group PLLC han repasado todos los términos de este Acuerdo con él en español. El demandante afirma que ha entendido todos los términos de este Acuerdo y que los acepta voluntariamente al firmar el Acuerdo.  (Plaintiff Segundo Carlos Dutan represents that his primary language is Spanish and that his counsel, Pechman Law Group PLLC, has reviewed all terms of this Agreement with him in Spanish. Plaintiff has fully understood all terms of this Agreement and voluntarily accept them by signing below.)

| SEGUNDO CARLOS DUTAN | VESTEA FOOD CORP. d/b/a AMORE PIZZA |
|---|---|
| _/s/ Segundo Dutan_ (DocuSigned) | By:_____ |
| Segundo Carlos Dutan | Title:_____ |
| Dated: 11/23/2020 | Dated:_____ |
| | SALVATORE LAURITA |
| | _____ |
| | Salvatore Laurita |
| | Dated:_____ |
| | SALVATORE VIOLA |
| | _____ |
| | Salvatore Viola |
| | Dated:_____ |

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
SEGUNDO CARLOS DUTAN,

                            Plaintiff,

          -against-                                20-CV-1855 (BMC)

VESTEA FOOD CORP. d/b/a AMORE PIZZA, SALVATORE LAURITA, and SALVATORE VIOLA,

                            Defendants.
------------------------------------------------------------------------ X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on April 20, 2020, Segundo Carlos Dutan ("Plaintiff") filed a Complaint asserting claims for, *inter alia*, failure to pay overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 190 *et seq.* ("NYLL") against Vestea Food Corp. d/b/a Amore Pizza, Salvatore Laurita, and Salvatore Viola ("Defendants");

**WHEREAS,** Plaintiff and Defendants (the "Parties") reached a settlement of this action and Plaintiff's claims through arms-length negotiations, and have entered into a Settlement Agreement and Release (the "Agreement"), formally memorializing the Parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the NYLL, and/or time worked, and;

**WHEREAS**, nothing contained in the Agreement shall be construed as an admission by the Defendants (or any person or entity acting on their behalf) of any liability or any act of wrongdoing whatsoever; and

**WHEREAS,** this Court incorporated all terms of the Parties' Agreement into this Order by reference and shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated: New York, New York
       November 23, 2020

| | |
|---|---|
| **PECHMAN LAW GROUP PLLC** | **REX WHITEHORN AND ASSOCIATES, PC** |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| | |
| By:_____ | By:_____ |
| Louis Pechman, Esq. | Rex Whitehorn, Esq. |
| Laura Rodriguez, Esq. | 11 Grace Avenue, Suite 11 |
| Galen C. Baynes, Esq. | Great Neck, NY 11021 |
| 488 Madison Avenue, 17th Floor | Tel.: (516) 829-5000 |
| New York, NY 10022 | |
| Tel.: (212) 583–9500 | |

**SO ORDERED**.

_____
Hon. Brian M. Cogan, USDJ

# EXHIBIT B

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
SEGUNDO CARLOS DUTAN,                              :
                                                   :
                                    Plaintiff,     :
                                                   :
            -against-                              :      20-CV-1855 (BMC)
                                                   :
VESTEA FOOD CORP. d/b/a AMORE PIZZA,               :
SALVATORE   LAURITA,   and   SALVATORE             :
VIOLA,                                             :
                                                   :
                                    Defendants.    :
------------------------------------------------------------------ X
```

## AFFIDAVIT OF CONFESSION OF JUDGMENT ON BEHALF OF SALVATORE LAURITA

Deponent Salvatore Laurita, hereby deposes and states:

1. I, Salvatore Laurita, am an owner of Vestea Food Corp. d/b/a Amore Pizza ("Amore Pizza").

2. I currently reside at _____ County of _____.

3. I am duly authorized to execute this Confession of Judgment individually and on behalf of Vestea Food Corp. d/b/a Amore Pizza.

4. I hereby confess judgment and authorize entry of judgment against myself and against Vestea Food Corp., jointly and severally, in favor of Plaintiff Segundo Carlos Dutan in Queens County and _____ County, the County where I reside, for the total sum of $33,000.00, pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement"), entered into and signed by Plaintiff Segundo Carlos Dutan and Vestea Food Corp., Salvatore Laurita, and Salvatore Viola, in the above-captioned matter.

5. This Confession of Judgment is for a debt justly due to Plaintiff Segundo Carlos Dutan pursuant to the Parties' Settlement Agreement.

6. The Settlement Agreement arises out of the above-captioned action, *Segundo Carlos Dutan v. Vestea Food Corp. et al.*, 20-CV-1855, which was settled pursuant to a written agreement approved by the United States District Court, Eastern District of New York.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court, or in any court of competent jurisdiction in the State of New York, or with any County Clerk's Office of competent jurisdiction, as a judgment against myself, Vestea Food Corp., and Salvatore Viola, jointly and severally, against all property, of any kind, in which I and/or Vestea Food Corp., collectively or individually, have any ownership interest.

8. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, Pechman Law Group PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement.

[CONTINUED ON NEXT PAGE]

9. This confession of judgment is not for the purpose of securing Plaintiff against a contingent liability and is not an installment loan within the prohibition of CPLR § 3201. This confession of judgment is for a sum liquidated in amount that is due and owing.

                                                                                                _____
Salvatore Laurita, on behalf of himself and Vestea Food Corp. d/b/a Amore Pizza

STATE OF NEW YORK            }
                                            }ss.:
COUNTY OF _____          }

       On the ____ day of _____ in the year _____, before me, the undersigned, a notary public in and for the State of New York, personally appeared Salvatore Laurita, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that, by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                                                         _____
                                                                              Notary Public

DocuSign Envelope ID: 39F8D92F-2A61-4434-849D-DE0E454FEC4D
Case 1:20-cv-01855-BMC   Document 23-1   Filed 11/25/20   Page 13 of 16 PageID #: 93

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
SEGUNDO CARLOS DUTAN,  :
:
Plaintiff,  :
:
-against-  :   20-CV-1855 (BMC)
:
VESTEA FOOD CORP. d/b/a AMORE PIZZA,  :
SALVATORE LAURITA, and SALVATORE  :
VIOLA,  :
:
Defendants.  :
------------------------------------------------------------------------ X

## AFFIDAVIT OF CONFESSION OF JUDGMENT ON BEHALF OF SALVATORE VIOLA

Deponent Salvatore Viola, hereby deposes and states:

1. I, Salvatore Viola, am an owner of Vestea Food Corp. d/b/a Amore Pizza ("Amore Pizza").

2. I currently reside at _____ County of _____.

3. I am duly authorized to execute this Confession of Judgment individually and on behalf of Vestea Food Corp. d/b/a Amore Pizza.

4. I hereby confess judgment and authorize entry of judgment against myself and against Vestea Food Corp., jointly and severally, in favor of Plaintiff Segundo Carlos Dutan in Queens County and _____ County, the County where I reside, for the total sum of $33,000.00, pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement"), entered into and signed by Plaintiff Segundo Carlos Dutan and Vestea Food Corp., Salvatore Laurita, and Salvatore Viola, in the above-captioned matter.

5. This Confession of Judgment is for a debt justly due to Plaintiff Segundo Carlos Dutan pursuant to the Parties' Settlement Agreement.

6. The Settlement Agreement arises out of the above-captioned action, *Segundo Carlos Dutan v. Vestea Food Corp. et al.*, 20-CV-1855, which was settled pursuant to a written agreement approved by the United States District Court, Eastern District of New York.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court, or in any court of competent jurisdiction in the State of New York, or with any County Clerk's Office of competent jurisdiction, as a judgment against myself, Vestea Food Corp., and Salvatore Laurita, jointly and severally, against all property, of any kind, in which I and/or Vestea Food Corp., collectively or individually, have any ownership interest.

8. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, Pechman Law Group PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement.

[CONTINUED ON NEXT PAGE]

9. This confession of judgment is not for the purpose of securing Plaintiff against a contingent liability and is not an installment loan within the prohibition of CPLR § 3201. This confession of judgment is for a sum liquidated in amount that is due and owing.

                                                                                                     _____
                                                     Salvatore Viola, on behalf of himself and Vestea Food Corp. d/b/a Amore Pizza

STATE OF NEW YORK       }
                                  }ss.:
COUNTY OF _____        }

On the ____ day of _____ in the year _____, before me, the undersigned, a notary public in and for the State of New York, personally appeared Salvatore Viola, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that, by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                                                    _____
                                                                          Notary Public